UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **CAREY DWAYNE DORSEY** | : | **CIVIL ACTION NO. 14-cv-2556** |
| **VERSES** | : | **JUDGE MINALDI** |
| **U.S. E.E.O.C., ET AL** | : | **MAGISTRATE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a complaint filed *in forma pauperis* by *pro se* plaintiff Carey Dwayne Dorsey. Broadly construing plaintiff's complaint it appears to allege racial discrimination and violations of the Freedom of Information Act ("FOIA"). Doc.1. Plaintiff filed a Motion for Service of Summons and Complaint asking this court to order service on the defendant, the U.S. Equal Employment Opportunity Commission ("EEOC"). Doc. 13.

By Order issued on August 27, 2014 plaintiff was granted leave to proceed *in forma pauperis* under 28 U.S.C. §1915. Doc. 6. This statute imposes a screening responsibility on the court to dismiss the complaint without service of process when the court makes a determination that the complaint is frivolous, fails to state a claim, or seeks monetary relief against someone immune from such relief. Consequently, this court has conducted this preliminary review in light of plaintiff's request for service on defendants.

**I.**
**SUMMARY OF THE COMPLAINT**

While the allegations contained in the complaint are vague, it appears that the plaintiff filed an employment discrimination complaint in 1987 with the EEOC against The Surfer

Restaurant and Hotel located in San Diego, California. Plaintiff alleges that, following resolution of the complaint in 1988, "the EEOC lost, destroyed, and or commit[ed] alienation [of his file] by unauthorized destruction of records under their control." Doc. 1, att.1, p. 1. He alleges that the EEOC is "committing intentional discriminatory acts … against plaintiff … engaging in unlawful intentional discrimination as government employees … against the plaintiff, Cary Dwayne Dorsey disabled black American." *Id.* at p. 1-2. Plaintiff asks this court to "enforce an injunction ordering the defendants to locate and permit acces[s] to plaintiff's charge/case investigatory files, and have defendant find commission record of a signed settlement agreement to plaintiff['s] charge No. 345870217." *Id.* at p.4.

Attached to his complaint are documents related to a lawsuit filed by plaintiff in 2009 in the United States District Court for the Southern District of California wherein he makes similar allegations against the EEOC and The Surfer Restaurant and Hotel.[1] *See* Doc. 1, att. 2, p. 21. The record reflects that this case was dismissed on a motion for summary judgment filed by the EEOC. In ruling on the motion for summary judgment, the court considered an affidavit submitted by the Assistant Legal Counsel/FOIA Programs in the EEOC Office of Legal Counsel wherein she declared that "an employment discrimination charge file was opened against the Surfer Restaurant on March 3, 1987; a negotiated settlement was reached on August 11,1988; the field reserved for the entry of a court docket number was marked 'NULL,' indicating the charge never went to court; and finally, pursuant to EEOC records retention guidelines, the charge file was destroyed on September 19, 1991." *Dorsey v. EEOC, et al,* No. 09-cv-519, Doc. 24 (S.D.

---

[1] Plaintiff alleged that the "EEOC lost or destroyed United States District Courts, Case Docket or Court docket number associated with charge #345870217 race related employment discrimination case." He further alleged that the EEOC refused to "provide retrieval record from federal records center, National Archives, Freedom of Information Act for United States District Courts, court docket number to EEOC charge #345870217." Doc. 1, att. 2, p. 21.

Cal.).[2]  The court found that the EEOC was entitled to judgment because it made an adequate search to uncover all documents relevant to plaintiff's FOIA request and plaintiff failed to present any evidence that the agency's search was inadequate or made in bad faith.  *Id.* at p. 6.

Also attached to plaintiff's pleadings are documents indicating that on April 1, 2014, plaintiff requested assistance from the Office of Government Information Services ("OGIS") regarding a FOIA request to the EEOC pertaining to his EEOC charge No. 345870217.  Doc. 13, att. 1, pp. 1-2.  The correspondence dated February 10, 2015, addressed to plaintiff indicates that plaintiff was dissatisfied with a July 16, 2013, response from the EEOC that stated that records pertaining to the listed charge were destroyed under EEOC regulations on file maintenance.  The OGIS conducted its own investigation into the search for plaintiff's 1987 charge file and determined that,

> Each Federal agency, including EEOC, maintains a records retention schedule that includes a plan for disposing of old records. [The EEOC Information Specialist] explained that EEOC implements its records management program under EEOC Order 201.001. … Under EEOC's Record Retention and Destruction Directive, your charge file would have been destroyed at a minimum of 6 months and no later than 6 years, after the Notice of Right to Sue (NRTS), was issued.  [The EEOC Information Specialist] estimated that this was likely between 1988 and 1994.

*Id.* at p. 2.

## II.
### LAW AND ANALYSIS

Under 28 U.S.C. §1915(e)(2), a district court is directed to review the action and dismiss it before service on the defendants if the court determines that:

---

[2] Plaintiff s request for reconsideration of the order granting the motion for summary judgment was denied on February 15, 2011.  *Dorsey v. EEOC, et al,* No. 09-cv-519 Doc. 29 (S.D. Cal.).  The United States Court of Appeals for the Ninth Circuit affirmed the denial of the motion for reconsideration and dismissed his appeal of the order granting summary judgment as untimely.  *Dorsey v. EEOC,* 481 Fed. App'x (9th Cir. 2012).

    (e)(2)  Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–

    (A) the allegation of poverty is untrue; or

    (B) the action or appeal─

    (i)    is frivolous or malicious;
    (ii)   fails to state a claim on which relief may be granted; or
    (iii)  seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Nietzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Dismissal for failure to state a claim is appropriate if the facts as pleaded fail to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citation omitted). The "plaintiffs obligation to provide the 'grounds' of his 'entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citation omitted). Despite the fact that a complaint need not contain detailed factual allegations, it must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678.

### A. Discrimination claims

While plaintiff's complaint primarily focuses on the denial of records under the FOIA, a liberal construction of the complaint reveals broader claims of racial discrimination. For example, he contends that "the EEOC [has] committed a pattern and practice of intentional discriminatory acts … as government employees and the use of "SLANDER" against the plaintiff" and "the EEOC is committing intentional discriminatory acts, violations against plaintiff as a respondent engaging in unlawful intentional discrimination." Doc. 1, att. 1, pp.1-2,

Plaintiff fails to allege the statue under which his discrimination claims are based but under any analysis his claims are woefully inadequate to state a claim for discrimination[3]. In order to establish a prima facie case for discrimination under 42 U.S.C. § 1981 a "plaintiff must show that (1) he or she is a member of a racial minority; (2) the defendant had an intent to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute." *Bellows v. Amoco Oil Co.,* 118 F.3d 268, 274 (5th Cir. 1997). In order to bring an action for discrimination under 42 U.S.C. § 1982, a plaintiff must allege specific facts which show "(1) the defendant's racial animus; (2) intentional discrimiantion; and (3) that the defendant deprived plaintiff of his rights because of race." *Zuyus v. Hilton Riverside,* 439 F.Supp. 2d 631, 636 (E.D. La. 2006). Finally, in order to establish a claim for discrimination under 42 U.S.C. § 1983 plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States; and (2) show that the alleged deprivaton was committed by a person acting under color of state law[4]. *Whitley v. Hanna,* 726 F.3d 631, 638 (5th Cir.2013).

Here, plaintiff has failed to allege with any specificity any intent on the part of defendant to discriminate on the basis of race, has failed to allege a violation of a right enumerated by statute or secured by the Constitution, and has failed to allege with particularity any conduct committed by any person that could be recognized as discriminatory. Plaintiff's broad,

---

[3] Although plaintiff's complaint is filed on a form entitled "Complaint Under Section 706(f) of the Civil Rights Act of 1964," a reading of his complaint makes it clear that he is not making a claim for Title VII discrimination which prohibits an employer from engaging in discrimination against any individual on the basis of "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a).

[4] Because plaintiff broadly alleges violations by a federal defendant, his complaint is more properly construed as being brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). In *Bivens*, the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 USC § 1983. The Fifth Circuit has held that a *Bivens* action is analogous to a statutory action brought under 42 U.S.C. § 1983 and the analysis of a *Bivens* action is the same as a 1983 action. *Izen v. Catalina,* 398 F.3d 363, 367 n.3 (5th Cir. 2005).

unsubstantiated allegations fail to support a claim of discrimination and should therefore be dismissed.

### B. FOIA claims

As previously stated, plaintiff filed a vitually identical lawsuit in 2009 in the United States District Court for the Southern District of California. *Dorsey v. EEOC, et al,* No. 09-cv-519 (S.D. Cal.). In that suit he named the EEOC and The Surfer Restaurant and Hotel as defendants and sought an order under the FOIA directing the EEOC to provide him with case information realted to his EEOC claim againt The Surfer Restaurant and Hotel. In the case currently before the court plaintiff seeks identical relief – the "past 14 years [EEOC] dening me access to my charge file case file settlement fil[e] of the race discriminatiion wrongful terminatiion EEOC charge against the Surfer Restaurant and Motor Lodge Hotel Pacific Beach San Diago California." Doc. 1, p. 1.

Clearly the request in this litigation would be barred by *res judicata*. As a general rule *res judicata* is an affirmative defense that must be raised by defendants; however, exceptions to this rule have been recognized and in the case of *Ali v. Higgs,* 892 F.2d 438, 439 (5th Cir. 1990) the Fifth Circuit found that, in an action proceeding under 28 U.S.C. § 1915, the court could consider *sua sponte* affirmative defenses, including *res judicata*, that are "apparent from the record even where they have not been addressed or raised in the district court." The court noted that in suits filed under § 1915:

> [T]he court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer. It necessarily follows that in the absence of the defendant or defendants, the district court must evaluate the merit of the claim sua sponte. In *Green* [*v. McKaskle,* 788 F.2d 1116, 1120 (5th Cir. 1986)]*,* we emphasized the need for efficiency in this process:

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). 'We must take advantage of every tool in our judicial workshop.' *Spears* [*v. McCotter* ], 766 F.2d [179, 182 (5th Cir.1985) ].

The requirements for *res judicata* are (1) that the prior judgment must have been rendered by a court of competent jurisdiction; (2) that there must have been a final judgment on the merits; (3) that the parties, or those in privity with them, must be identical in both suits; and (4) that the same cause of action must be involved in both suits. *Ellis v. Amex Life Ins. Co.,* 211 F.3d 935, 937 (5th Cir. 2000). All four requirements are met here; the Southern District of California is a court of competent jurisdiction, summary judgment in favor of the EEOC was a final judgment on the merits, the parties are identical except that the current lawsuit does not specifically name The Surfer Restaurant and Hotel as a defendant, and both suits sought production of the same documents under the FOIA.

Plaintiff's claims under the FOIA are precluded by *res judicata* and shoud be dismissed.

### III.
#### CONCLUSION

Because it is clear that plaintiff's complaint fails to state a claim for relief and is barred by *res judicata*, it is **RECOMMENDED** that plaintiff's complaint be **DISMISSED** in accordance with the provisions of 28 U.S.C. §1915(e)(2).

**IT IS FURTHER RECOMMENDED** that plaintiff's Motion for Service of Summons and Complaint [doc.13] be **DENIED**.

-8-

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**

THUS DONE AND SIGNED in Chambers this 23rd day of April, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE